Claude Edward MARTIN, Jr.,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Dept. of Corrections,
Respondent-Appellee.

No. 76–1335

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1976.

Michael Thornell, Michael Thornell and Associates (Court-appointed), Houston, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Austin, Tex., Calvin Botley, Asst. Atty. Gen., John C. Madison, III, Joe B. Dibrell, Jr., Asst. Attys. Gen., Houston, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

This appeal is from a denial of habeas corpus relief after a full evidentiary hearing by the United States District Court for the Southern District of Texas. Appellant was convicted after a jury trial in state court for murder with malice. The charge stemmed from a barroom altercation in which appellant fired a shotgun, killing two persons. The appellant's principal defense at trial was that he fired in self-defense.

The appellant raises two issues on appeal. First, he contends that he was denied due

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1148**

process of law because a "rap sheet" on a key defense witness that was not admitted into evidence at trial was inadvertently received into the jury room and observed by some jurors. Second, appellant argues that he was denied his right to confront witnesses against him when a police officer who did not testify at trial talked with one of the jurors during a recess of the trial. Because both errors were harmless beyond a reasonable doubt, we affirm.

The "rap sheet" on defense witness Donald Reeves, the owner of the tavern in which the shooting took place, was inadvertently received into the jury room. After a few minutes, the bailiff realized his mistake and retrieved the sheet without commenting on its contents. During the intervening period, two jurors observed the front page of the sheet. The appellant urges that because the rap sheet contained evidence of the witness' prior convictions that was otherwise inadmissible at trial, its presence in the jury room was damaging to Reeves' credibility and therefore to the appellant's defense.

■ When the jury receives nonevidentiary matter that links the defendant to the offense with which he is charged or impeaches the defendant or one of his witnesses and the material is not merely cumulative, prejudicial error requiring reversal may result. *See United States v. Shafer*, 455 F.2d 1167, 1169–70 (5th Cir. 1972). The defendant need not bear the burden of showing that a document erroneously in the jury room has in fact been considered by the jury. *Id.* at 1170. In the case at bar, however, the evidence impeached one of nine defense witnesses and was merely cumulative character evidence with respect to that witness. The jury had to disbelieve all nine witnesses in order to convict the appellant. Donald Reeves' testimony that the appellant acted in self-defense was cumulative. Moreover, the evidence of Reeves' previous offenses, even assuming that the jury had read the "rap sheet" and considered it, was cumula-

tive as well; there was evidence properly before the jury that Reeves had been convicted of a felony. Finally, several jurors, including those alleged to have perused the "rap sheet," testified that none of the jurors had considered this nonevidentiary material in their deliberations.

■ With respect to the conversation during recess between a juror and a police officer, under the circumstances here no prejudice to the appellant resulted. The juror asked the officer, whom he mistook for his twin brother, a police officer who had testified at trial, about the length of the shotgun fired by the appellant. From the officer's reply that the gun measured eighteen inches, the juror inferred that the shotgun exceeded the minimum legal length. Of course, the appellant was on trial for murder, not for possessing a sawed-off shotgun, but the information imparted by the officer would have been exculpatory even had the charge been a weapons offense. In the context of a murder trial, it was clearly not prejudicial to the appellant. The order of the district court denying the appellant's petition for habeas relief is

AFFIRMED.