**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Anthony JENNEWEIN,
Defendant-Appellant.**

No. 78–5076.

United States Court of Appeals,
Sixth Circuit.

Oct. 17, 1978.

---

## ORDER

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

Plaintiff-appellee's motion for rehearing having come on to be considered and of the judges of this Court who are in regular active service less than a majority having favored ordering consideration en banc, the motion has been referred to the panel which heard the appeal.

---

The Court in reliance on the appellee's brief and oral argument on appeal, in both of which appellee inappropriately cited only *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), held the trial court's charge to the jury to have been erroneous. Upon reconsideration it is concluded that the instruction, "[p]ossession of property recently stolen if not satisfactorily explained is . . . ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in this case that the person in possession not only knew it was stolen property but also participated in some way in the theft of the property," did not misstate the applicable law. *See United States v. Nalley*, 455 F.2d 259 (6th Cir. 1972); *United States v. Lipscomb*, 425 F.2d 226 (6th Cir. 1970); *Prince v. United States*, 217 F.2d 838 (6th Cir. 1954), and cases therein cited. Accordingly, the petition for rehearing is granted, and upon reconsideration, it being further concluded that the other contentions made by the appellant are without merit,

IT IS ORDERED that the judgment of the district court be and it hereby is affirmed.