**Robert E. LLEWELLYN, Petitioner-Appellant,**

v.

**Leroy STYNCHCOMBE, Sheriff, and State of Georgia, Respondents-Appellees.**

No. 79–1655.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1980.

Rehearing and Rehearing En Banc Denied Feb. 14, 1980.

Frank J. Petrella, Atlanta, Ga., for petitioner-appellant.

Lewis R. Slaton, District Atty., H. Allen Moye, Asst. Dist. Atty., Atlanta, Ga., for respondents-appellees.

Before TUTTLE, VANCE and KRAVITCH, Circuit Judges.

VANCE, Circuit Judge:

Robert E. Llewellyn was convicted by a state court jury of murder in three counts. The Georgia Supreme Court affirmed the conviction and life sentence, and the federal district court denied habeas corpus. We affirm.

The indictment charged that Llewellyn hired an accomplice, Robert Larry Schneider, first to burn out and later to kill Peter Winokur, the owner of a competing nightclub. Schneider twice failed to burn Winokur's establishment, and the jury heard evidence that Llewellyn ordered these arson incidents. Schneider and two accomplices then tied up Winokur and two young men whom they found in his home, took them to a rural area and shot each in the head.

On the third day of jury deliberations court officials discovered that a witness list, written jury charges concerning conspiracy and corroborating circumstances, and a proposed charge concerning a defendant's failure to testify, had been inadvertently taken into the jury room. Llewellyn's counsel first learned of this event after the verdict and after sentencing. The court denied his request for a hearing on any prejudicial influence of the charge sheets and list. Two jurors gave affidavits that the jury considered these materials, while the foreman submitted an affidavit that the jury was not influenced by them.

■ Llewellyn argues that the presence in the jury room of parts of the written charge and the court's failure to apprise his counsel of the mistake, deprived him of his constitutional rights to confrontation, assistance of counsel, and due process. The presence of this extrinsic material in the jury room was error, *Estes v. United States*, 335 F.2d 609, 618 (5th Cir. 1964), but it did not create "any reasonable possibility of prejudice" to Llewellyn. *Id.*

In determining whether a reasonable possibility of prejudice inheres in the materials present in the jury room, we examine their nature and the manner in which they were conveyed. *Rogers v. United States*, 422 U.S. 35, 40, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). The charge on failure to testify had been proposed by Llewellyn's own counsel and so was not prejudicial. The instructions on conspiracy and corroborating circumstances were the identical charges already given in open court with full confrontation and counsel rights. This was not a secret communication between judge and jury or a private recharge of the jury. *Cf. id.* (secret communication of new material if prejudicial is reversible error). These instructions were correct statements of the law to which no objection had been made. It is therefore apparent that the error was not prejudicial and that "no substantial right was infringed." *Outlaw v. United States*, 81 F.2d 805, 808–09 (5th Cir. 1936). *See also Estes v. United States*, 335 F.2d at 618.

■ Llewellyn also contends that the presence of the witness list, which showed the offense as "Murder, Arson" and gave three indictment numbers, and the court's failure to notify his counsel of that, denied his rights to confrontation, counsel, and due process. As stated in *Farese v. United States*, 428 F.2d 178 (5th Cir. 1970), a defendant is entitled to a new trial unless there is no reasonable possibility that the jury's verdict was influenced by the material that improperly came before it. *Id.* at 180. *See also Paz v. United States*, 462 F.2d 740, 745 (5th Cir. 1972), *cert. denied*, 414 U.S. 820, 94 S.Ct. 47, 38 L.Ed.2d 52 (1973). In *United States v. McKinney*, 429 F.2d 1019 (5th Cir. 1970), a concurring opinion suggested several factors that were important in such an inquiry, including the content of the alleged extrinsic materials, the manner in which the extrinsic materials were brought to the judge's attention, and the weight of other evidence against the accused. *Id.* at 1031–33 (Godbold, J., concurring).[1] The witness list's reference to

---

1. This opinion in *McKinney*, upon rehearing, became a special concurrence rather than a dissent. 434 F.2d 831, 833 (5th Cir. 1970), *cert. denied*, 401 U.S. 922, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971). *See also United States v. Howard*, 506 F.2d 865, 869 (5th Cir. 1975) (In determining the reasonable possibility of prejudice from extrinsic materials, "prejudice will be assumed

"Arson" was simply cumulative, adding nothing to the evidence properly introduced at trial. *Martin v. Estelle*, 541 F.2d 1147, 1148 (5th Cir. 1976). Relevant references began in the prosecutor's opening statement that he would show that "Mother's [Winokur's nightclub] was damaged by fire" that "in the opinion of the firemen was arson"; that "a second fire occurred at Mother's Bar" that "was also an arson"; and that "Schneider contracted with Robert Llewellyn to burn Mother's Bar on those two occasions," and these references continued through much of the testimony. The list's identification of arson in a blank after "Offense" was harmless error beyond a reasonable doubt. *Martin v. Estelle*, 541 F.2d at 1148. Such disclosures are not comparable to the disclosure of prior convictions. *E. g., Michelson v. United States*, 335 U.S. 469, 475–76, 69 S.Ct. 213, 93 L.Ed. 168 (1948). The jury had been instructed that an indictment was not evidence. *United States v. Haynes*, 573 F.2d 236, 241–42 (5th Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 153 (1978). In view of the legal standard set forth above, this extrinsic material did not pose a "reasonable possibility of prejudice" to the jury's verdict. *Estes v. United States*, 335 F.2d at 618.

■ Petitioner suggests that a failure to prove his identity as a coconspirator deprived him of due process. We conclude, however, that the evidence reasonably supported a finding of Llewellyn's participation beyond a reasonable doubt. *See Jackson v. Virginia*, —— U.S. ——, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). Unlike federal law, Georgia law requires independent corroboration of an accomplice's testimony. Ga.Code § 38–121. This Georgia rule is not controlling upon collateral re-

view by a federal court. *Anderson v. Maggio*, 555 F.2d 447, 452 (5th Cir. 1977). The Georgia court concluded that there was sufficient corroboration to meet the more stringent state requirement. *Llewellyn v. State*, 241 Ga. 192, 243 S.E.2d 853 (1978). It is sufficient that the evidence clearly meets the federal standard.

■ Llewellyn finally argues that the failure to order an evidentiary hearing on jury prejudice, in light of two juror affidavits to that effect, was reversible error. Post-verdict inquiries into the existence of impermissible extraneous influences on a jury's deliberations are allowed under appropriate circumstances, *United States v. Howard*, 506 F.2d at 869, so that a " 'juryman may testify to any facts bearing upon the question of the *existence* of any extraneous influence, although not as to how far that influence operated upon his mind.' " *Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50, 53, 36 L.Ed. 917 (1892) (emphasis added). *See also Remmer v. United States*, 347 U.S. 227 at 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954).[2] Inquiries that seek to probe the mental processes of jurors, however, are impermissible. *United States v. Gipson*, 553 F.2d 453, 457 (5th Cir. 1977). *See also* Ga.C. § 110–109; *Watkins v. State*, 237 Ga. 678, 229 S.E.2d 465, 470 (1976). The existing affidavits amply demonstrate the presence and nature of extrinsic materials. Although an evidentiary hearing would have been permissible to investigate further the existence of extrinsic materials, it was not necessary. We have already concluded that such material could not have influenced the jury's verdict.

AFFIRMED.

in the form of a rebuttable presumption, and the burden is on the Government to demonstrate the harmlessness of any breach to the defendant.")

**2.** The second and fourth circuits have endorsed the step of a remand to the trial court for a hearing on whether prejudicial matters not in evidence were actually discussed in the jury room. *Downey v. Peyton*, 451 F.2d 236, 239 (4th Cir. 1971); *see United States ex rel. Owen*

*v. McMann*, 435 F.2d 813 (2nd Cir. 1970), *cert. denied*, 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646 (1971). This circuit has recommended similar procedures in cases dealing with jury irregularities. *E. g., Paz v. United States*, 462 F.2d at 746 (remanding "to conduct an evidentiary hearing to determine whether there is or is not a reasonable possibility that the books affected the jury's verdict," and describing the factors to be considered).