UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis A. DUZAC, Jr.,
Defendant-Appellant.

No. 79–5715
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1980.

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

Gerald D. Wasserman, New Orleans, La., for defendant-appellant.

Robert J. Boitmann, Morris W. Reed, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK.

JAMES C. HILL, Circuit Judge:

Under the misconception that they had their man, several members of the New Orleans Police Department wrongfully arrested Darrell Land. Despite his protests, Land was brutally beaten and verbally abused by the officers, and repeatedly bitten by a police attack dog. Appellant Duzac and a fellow officer, Reynolds, both were involved in the incident. Both officers testified about the matter before a grand jury. A three-count indictment was returned, charging Reynolds and Duzac with one count each of lying to a grand jury, 18 U.S.C.A. § 1623, and Duzac with one count of willfully depriving Land of his civil rights, 18 U.S.C.A. § 242. After a joint trial, Duzac was found guilty on both counts and Reynolds was acquitted.

## I. *Joinder; Severance*

Pursuant to Fed.R.Crim.P. 14, appellant requested that he be tried separately from Reynolds. Appellant wanted Reynolds to testify on his behalf. Reynolds did not take the stand. Appellant contends that the district court erred in not granting severance because Reynolds "might have elected to testify were this not a joint criminal trial." Brief for Appellant at 8.

 In order to succeed on a Rule 14 motion, the defendant must show specific and compelling prejudice. *United States v. Wolford*, 614 F.2d 516, 517 (5th Cir. 1980); *United States v. Morrow*, 537 F.2d 120, 138 (5th Cir. 1976). Where the motion is based on the defendant's asserted need for a codefendant's testimony, we have a more detailed test. First, the defendant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the codefendant will in fact testify if the cases are severed. *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980); *United States v. Rice*, 550 F.2d 1364, 1369 (5th Cir.), *cert. denied* 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977); *United States v. Morrow*, 537 F.2d at 135.

If the defendant makes such a showing, the district court must: (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to considerations of judicial economy; and (4) give weight to the timeliness of the motion. *United States v. Butler*, 611 F.2d at 1071; *United States v. Rice*, 550 F.2d at 1369; *United States v. Morrow*, 537 F.2d at 135.

 Appellant argues that Reynolds "was in a unique position to provide exculpatory evidence" and "might have elected to testify" had separate trials been held. Brief for Appellant at 7–8. Presented with such generalized, vague and speculative assertions, the trial court's decision to deny the request for severance was entirely appropriate.

■ Appellant also contends that it was improper to join the perjury count with the count charging a willful violation of Land's civil rights.

Under Rule 8 of the Federal Rules of Criminal Procedure, separate offenses may be joined in a single indictment when they "are based on the same act or transaction." Fed.R.Crim.P. 8(a). The statements upon which the perjury count is based were made during the grand jury's inquiry into the Land incident. The statements concerned Reynolds' involvement and may properly be said to have been part of the same transaction. Joinder of the perjury count with the count charging a violation of Land's civil rights was therefore proper. *See McElroy v. United States*, 164 U.S. 76, 79–81, 17 S.Ct. 31, 32–33, 41 L.Ed. 355 (1896); *United States v. Barney*, 568 F.2d 134, 135–36 (9th Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978); *United States v. Gill*, 490 F.2d 233, 238 (7th Cir. 1973).

## II. *The Verdict*

During the second day of deliberations, the jury sent the following message to the trial judge:

There are certain prejudices among this jury due to prior personal experiences that prevent us from arriving at a unanimous decision on Count I. We have spent almost the entire time trying to come to a verdict since yesterday on Count I. We are hung!

After consulting both attorneys, the judge decided to respond to the note by reminding the jurors of their obligation to decide the case on the evidence and without regard to prejudice or sympathy. Appellants' attorney moved for a mistrial. The motion was denied and the judge's response sent to the jury in the form of a note. Shortly thereafter, the jury returned unanimous verdicts on each count. When polled, all jurors adhered to the verdicts. Some weeks after the jury was dismissed, the judge interviewed the foreman about the note. The interview was transcribed and the transcript sealed. The transcript has not been made available to either attorney.[1]

■ Appellant's first contention is that, upon learning that one or more of the jurors had certain prejudices because of prior personal experiences, the judge should have declared a mistrial. Appellant attempts to bring this case within an exception to the rule prohibiting jurors from impeaching their verdict, *see McDonald v. Pless*, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915). That exception allows a court to set aside the verdict where there is evidence that improper external influences were brought to bear on one or more of the jurors. *See Mattox v. United States*, 146 U.S. 140, 148–50, 13 S.Ct. 50, 52–53, 36 L.Ed. 91 (1892); *Llewellyn v. Stynchcombe*, 609 F.2d 194 (5th Cir. 1980); *United States v. D'Angelo*, 598 F.2d 1002 (5th Cir. 1979). Here, there is no evidence that any external influence was brought to bear on members of the jury. The prejudice complained of is alleged to be the product of personal experiences unrelated to this litigation. The proper time to discover such prejudices is when the jury is being selected and peremptory challenges are available to the attorneys. Although the jury is obligated to decide the case solely on the evidence, its verdict may not be disturbed if it is later learned that personal prejudices were not put aside during deliberations. We therefore hold that the trial court acted properly in denying appellant's motion for a new trial.

In a closely related argument, appellant urges error in the court's failure to hold an evidentiary hearing to pursue the matter further.

■ Post-verdict "[i]nquiries that seek to probe the mental process of jurors . . . are impermissible." *Llewellyn v. Stynchcombe*, 609 F.2d at 196; *accord, Mattox v. United States*, 146 U.S. 140, 148–50, 13 S.Ct. 50, 52–53, 36 L.Ed. 91 (1892). Rule 606(b) of the Federal Rules of Evidence gives effect to that principle by prohibiting a juror from testifying "to the effect of anything

---

1. Appellant's motion to inspect the transcript was earlier denied by this Court. In view of our holding today, we find it unnecessary to reconsider that motion.

upon his or any other juror's mind or emotions as influencing him to assent or dissent from the verdict . . . [or to] his mental process in connection therewith . . ." Fed.R.Evid. 606(b). Excepted from Rule 606(b) is testimony about whether any external influences were brought to bear on the jury. Neither the note nor the post-trial interview with the foreman provided the judge with reason to hold an evidentiary hearing. The only questions that the trial judge might have asked at a hearing would have concerned the jurors' prejudices and, therefore, would have been impermissible. Under these circumstances, the judge did not abuse his discretion in failing to hold a hearing.

AFFIRMED.