**Paul Eugene ALLEN, Petitioner,**

v.

**Michael DUTTON, et al., Respondents.**

**Civ. A. No. 3:84–1186.**

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 16, 1984.

Supplemental Memoranda Opinions and Order Dec. 19, 1984.

Paul Eugene Allen, pro se.

Kevin Steiling, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Paul Eugene Allen applied *pro se* for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of January 6, 1983 of the Criminal Court of Sullivan County, Tennessee in violation of the Constitution, Fourth Amendment, Right against Unreasonable Searches and Seizures Clause;[1] Fifth Amendment, Immunity from Double Jeopardy Clause;[2] and Fourteenth Amendment, § 1, Right to Due Process of Law Clause.[3] 28 U.S.C. § 2254(a). He claims that he exhausted his state-remedies as to the questions presented here, 28 U.S.C. § 2254(b), by presenting those same questions on the direct appeal of his judgment of conviction to the Court of Criminal Appeals of Tennessee in *State of Tennessee*, appellee, *v. Paul Eugene Allen*, appellant, no. 600 (Sullivan County); that such judgment was affirmed by that Court on March 16, 1984; and that his application for permission to appeal further was denied on May 29, 1984 by the Supreme Court of Tennessee in *State of Tennessee*, plaintiff-appellee, *v. Paul Eugene Allen*, defendant-appellant, Sullivan Criminal no. 600.

The applicant exhibited with his petition a copy of the brief he filed with the aforenamed intermediate criminal-appellate Court of Tennessee and relies thereon for the statement of his grounds of relief. Those grounds, in essence, are, first, that he was denied the due process of law guaranteed him by the federal Constitution by being made to suffer the onus of a criminal conviction without sufficient proof, *i.e.*, such evidence as was necessary to convince a trier-of-fact beyond a reasonable doubt of the existence of every element of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787[6], 61 L.Ed.2d 560 (1979), *reh. den.*, 444 U.S. 890, 100 S.Ct. 195, 62 F.2d 126 (1979) (The applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the applicant's trial no rational trier-of-fact could have found proof of his guilt beyond a reasonable doubt, 443 U.S. at 324, 99 S.Ct. at 2791–2792 [10].)

His second ground is that he was convicted upon evidence seized by law-enforcement officers or their agents in a warrantless search absent a personal waiver of his right against unreasonable searches and seizures and not incident to a lawful arrest. A warrantless search or seizure is unreasonable *per se* under the Constitution, Fourth Amendment, *supra*, " * * * 'subject only to a few specifically established and well delineated exceptions.' * * * " *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408, 2412, 57 L.Ed.2d 290 (1978), quoted from in *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982).

" * * * [A] search authorized by [proper] consent [voluntarily given] is wholly valid. * * * " *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973). Such may be legally sufficient in some situations if given voluntarily by a third-party, *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); therefore, cases of the Supreme Court of the United States

---

1. "The right of the people to be secure in their persons * * * and effects, against unreasonable searches and seizures, shall not be violated * *." Constitution, Fourth Amendment, *supra*.

2. "No person shall * * * be subject for the same offence to be twice put in jeopardy of * * * limb * * *." Constitution, Fifth Amendment, *supra*.

3. " * * * No State shall * * * enforce any law which shall abridge the privileges or immunities of citizens of the United States; or * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment, § 1, *supra*.

" * * * do not reflect an uncritical demand for a knowing and intelligent waiver [by a defendant charged] in every situation where a person has failed to invoke a constitutional protection. * * *" *Schneckloth v. Bustamonte, supra,* 412 U.S. at 235, 93 S.Ct. at 2052 [14]. Furthermore: " * * * It is well settled that a search incident to a lawful arrest is a traditional exception to the [search] warrant requirement of the Fourth Amendment. * * *" *United States v. Robinson,* 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973).

The third ground Mr. Allen raises is that his punishment was enhanced on the basis of previous convictions on his criminal record in violation of his federal right to due process of law, Constitution, Fourteenth Amendment, § 1, *supra,* which infringed also his immunity from being subjected for the same offense(s) to be twice put in jeopardy, Constitution, Fifth Amendment, Immunity from Double Jeopardy Clause, *supra.* " * * * Where the [Immunity from Double Jeopardy] Clause does apply, 'its sweep is absolute.' * * *" *United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980), and: " * * * 'It protects against multiple punishments for the same offenses' * * *." *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980).

All such grounds are not raised by the applicant with the specificity of federal-constitutional-context as indicated hereinabove. However, the Court of Criminal Appeals of Tennessee in its aforementioned opinion treated the applicant's claim of the jury's verdict against him not having been supported by substantial evidence and not having removed reasonable doubt as to his guilt in the light of *Jackson v. Virginia, supra.* The applicant alluded definitely (on pages 57–58) in his address to that Court by brief to having been deprived of his "constitutional rights against double jeopardy" and "in violation of due process of law." The aforenamed Court cited and

quoted-from the Constitution, Fourth Amendment, *supra,* itself in treating as federal issues the arrest, search and seizure questions raised by the applicant on direct review of his conviction.

■ Upon examination of the face of the applicant's petition and the exhibits thereto on preliminary consideration, it appears the applicant has exhausted his state-remedies. Although he might have been more direct in presenting these as federal-constitutional questions, the applicant " * * * did specify, in substance, the [respective] right[s] afforded by the Constitution which he claimed had been violated. * * *" *Koontz v. Glossa,* 731 F.2d 365, 369 [9] (6th Cir.1984). The applicant was not required to raise such federal-constitutional questions " * * * by citing 'book and verse on the federal constitution' * * *," *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971).

It not appearing plainly from the documents he submitted that the applicant is not entitled to relief in this Court, Rule 4, 28 U.S.C. fol. § 2254, the respondent-warden hereby is

ORDERED to file an answer or other pleading within 13 days herefrom, *id.* Such answer shall comport with the specifications of Rule 5, 28 U.S.C. fol. § 2254, as pertinent herein. The necessity of locating and assembling the relevant transcripts provides good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.

### SUPPLEMENTAL MEMORANDA OPINIONS AND ORDER *

The petitioner Mr. Paul Eugene Allen, who was convicted in the Criminal Court of Sullivan County, Tennessee on January 6, 1983 of burglary/safecracking, T.C.A. § 39-3-404(b)(1), and grand larceny, T.C.A. § 39-3-1103, seeks the federal writ of habeas corpus. 28 U.S.C. § 2254(a). The record of the state proceedings, having been expanded, and it appearing that an evidentiary hearing is not required, the

* *Aff'd* 6th Cir. Jan. 9, 1986 by order in no. 85-5112.

Court shall make disposition of his application that law and justice require. Rule 8(a), 28 U.S.C. fol. § 2254.

## I.

Initially, Mr. Allen contends that the evidence was insufficient constitutionally to support his convictions. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–2792[10], 61 L.Ed.2d 560 (1979), *reh. den.* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979) ("[T]he applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt"). That evidence was summarized appropriately as follows by the Court of Criminal Appeals of Tennessee:

\*      \*      \*      \*      \*      \*

Sometime between closing time on August 16, 1982, and opening time the following morning, Brendle's, a large discount store in Kingsport, [Tennessee] was burglarized. Entry was gained through two holes in the roof, the burglar alarm system was rendered inoperative, and a large quantity of merchandise and money were stolen. A walk-in vault was entered as was a safe within the vault.

Taken from the store were watches, rings, silverware, luggage, necklaces, cameras, camera accessories, fuzz busters, sunglasses, flashlight batteries, and numerous other items. The retail value of the items stolen was $301,038.67. The money stolen, consisting of both paper money and rolled coins, amounted to $7,199.08.

On August 19, 1982, employees of the Econo-Lodge, a motel in East Ridge, Tennessee, discovered a tweed suitcase in room 270. At that time the room was unoccupied, the previous occupants having departed that morning. Martha Powell, the execuitve housekeeper, was summoned to the room, but was unable to lift the suitcase. She obtained assistance from someone in the maintenance department and the suitcase was taken to the front office of the motel. One of the employees kicked the suitcase and it fell open. The suitcase was literally stuffed with watches, rings, and jewelry of all types, many in display trays. The motel management notified the police. Officers went to the motel and inventoried its contents. Some of the packages contained therein bore the name of Brendle's, and the Kingsport Police Department was notified regarding the find.

At about 7:00 A.M. on August 20, Sharon Thurman, a desk clerk at the Econo-Lodge, received a call from an unidentified woman (identified at trial as LaDonna Sloan), who stated that she had left a suitcase at the motel. Ms. Thurman told her that they had it and told her to come and get it. She immediately notified the East Ridge Police Department and an officer staked out the motel. At about 10:00 A.M. that day, Gail Ann Haslett came for the suitcase and was arrested.

In the back seat of Ms. Haslett's car, and apparently asleep, the officers found [Mr. Allen]. He was taken into custody along with Ms. Haslett, and she gave officers consent to search the car. In the trunk of the car two suitcases and an attache case were found. Like the one in the motel room, the suitcases were stuffed with loot from Brendle's. One suitcase contained jewelry, the other contained rolled coins, and the attache case was full of currency. The [petitioner] had a knife in a sheath on his belt. The knife was positively identified as coming from Brendle's.

Another suitcase containing jewelry was recovered from a Family Inns of America motel in Knoxville. Ms. Haslett and [Mr. Allen] had stayed there after leaving East Ridge. It was from this motel that Ms. Sloan called the Econo-Lodge regarding the suitcase.

Ms. Haslett testified that she and the [petitioner], Arnold Southers, Ms. Sloan, Paul Spence, and Sepricia Roberts traveled together from Columbus, Ohio, to West Virginia, and then on to Tennessee.

They went in three separate cars, but stayed at the same motels together. They stayed at the Holiday Inn in Kingsport, and [Mr. Allen] left the room at 9:00 P.M. and returned the next morning at 5:00 A.M. They journeyed on to East Ridge and once there the tweed suitcase was brought to her room by one of the men. It was opened and she and the other girls were told by the [petitioner] that they could pick out a few rings for themselves. She took some.

Three experts from the Federal Bureau of Investigation Laboratory testified. One from the elemental analysis unit testified concerning the use of scanning electron microscopy on particles from [Mr. Allen's] tennis shoes, a pair of gloves found in a field near Brendle's, and metal shavings from the vault that was opened. All contained iron and manganese, and the particles on the shoes and gloves could have come from the vault.

A toolmark identification expert testified that, based on the patterns in the glue, the knife sheath on the [petitioner's] belt had at one time been glued to a display board from Brendle's.

A shoe print comparison expert testified that the prints from [Mr. Allen's] tennis shoes matched twenty-one of twenty-two photographs of shoe prints found on the roof of Brendle's.

\* \* \* \* \* \*

*State of Tennessee*, appellee, *v. Paul Eugene Allen*, appellant, no. 600 in the Court of Criminal Appeals of Tennessee at Knoxville, opinion of March 16, 1984, pp. 1–3.

It is certainly true, that no eyewitness placed Mr. Allen at the scene of the crimes at the time of their commission: that was not necessary under the law of Tennessee. It follows " \* \* \* the generally approved rule that proof of possession of recently stolen goods [if not satisfactorily explained] gives rise to the inference that the possessor has stolen them. \* \* \*" *Bush v. State*, 541 S.W.2d 391, 394[1] (Tenn. 1976); *see United States v. Jennewein*, 590 F.2d 191, 192 (6th Cir.1978) (approving an instruction that the jury could infer participation in the theft from the unexplained possession of recently-stolen goods). The evidence before the trial jury was sufficient clearly to have permitted it to draw such an inference.

■ Mr. Allen's contention, that the evidence was rendered insufficient because the testimony of an accomplice was uncorroborated is not cognizable in this proceeding. "There is no federal [-constitutional] right to have corroboration of an accomplice's testimony, \* \* \*" *Lugo v. Munoz*, 682 F.2d 7, 10[5] (1st Cir.1982); and, " \* \* \* [a] state law requirement of accomplice testimony corroboration is not a constitutional right cognizable on habeas [corpus] review. \* \* \*" *Gipson v. Lockhart*, 692 F.2d 66, 68[4] (8th Cir.1982); *accord: Jacobs v. Redman*, 616 F.2d 1251, 1255[2] (3d Cir.1980), *cert. den.* 446 U.S. 944, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980); *Llewellyn v. Stynchombe*, 609 F.2d 194, 196[5] (5th Cir.1980), *reh. den.* 613 F.2d 314 (5th Cir.1980); *see United States v. McCallie*, 554 F.2d 770, 772[2] (6th Cir.1977) (the uncorroborated testimony of an accomplice may support a conviction).

■ Both the trial judge and the state intermediate appellate Court characterized the evidence against the petitioner as "overwhelming." Viewing the evidence in the light most favorable to the prosecution, as it must, *Jackson v. Virginia, supra*, 443 U.S. at 319, 99 S.Ct. at 2789 [7], this Court is satisfied that, as to each of the offenses, the evidence was sufficient to permit a rational trier-of-fact to have found proof of Mr. Allen's guilt beyond a reasonable doubt. *Id.*, 443 U.S. at 324, 99 S.Ct. at 2791–2792[10]. Accordingly, he is not entitled to relief on this ground.

## II.

■ Mr. Allen asserts also that the refusal of the trial judge to suppress certain evidence, which he claims was seized by law-enforcement agents in violation of the Constitution, Fourth Amendment, violated his federal-constitutional rights. This

Court cannot consider such ground if the state of Tennessee provided the petitioner an opportunity for the full and fair litigation of it. *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1983); *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976).

The record of the proceedings in the state courts herein reflects that the state of Tennessee afforded Mr. Allen "an" opportunity for the full and fair litigation of his Fourth Amendment claim; in fact, the petitioner's Fourth-Amendment contentions were raised and litigated unsuccessfully in the state courts on 3 separate occasions.** First, these issues were rejected by the trial Court following a lengthy pretrial evidentiary hearing on Mr. Allen's motion to suppress evidence; secondly, the claim was determined to be without merit by the trial Court on the motion of the petitioner for a new trial or post-verdict judgment of acquittal; and lastly, the Fourth-Amendment arguments were litigated in the Court of Criminal Appeals of Tennessee on Mr. Allen's direct appeal. Under these circumstances, this Court may not consider ground 2 of the petition herein.

### III.

Lastly, Mr. Allen urges that the trial judge erred in considering his prior criminal record at sentencing which resulted in the imposition of an enhanced sentence because the trial judge found him to be a "multiple offender" and a "professional criminal". It is claimed that such consideration of his previous record deprived him of federal due process of law and subjected him to double jeopardy. *See* Constitution, Fourteenth and Fifth Amendments.

It is well-settled that a sentencing-court " * * * can consider the entire background of the defendant, * * *" *Bearden v. Georgia*, 461 U.S. 660, 670, 103 S.Ct.

---

** Of course, the correctness or incorrectness of the rulings of the state courts is irrelevant to this Court's determination of whether the petitioner was afforded an opportunity for the full

2064, 2071[6], 76 L.Ed.2d 221 (1983), including any prior criminal-record, *Costner v. United States*, 271 F.2d 261, 263[5] (6th Cir.1959); *see Tuten v. United States*, 460 U.S. 660, 668, 103 S.Ct. 1412, 1417[3], 75 L.Ed.2d 359 (1983). Enhancing one's punishment because of past criminal conduct is not unconstitutional because the enhanced sentence " * * * is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. * * *" *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258[8], 92 L.Ed. 1683 (1948), *reh. den.* 335 U.S. 837, 69 S.Ct. 13, 93 L.Ed. 389 (1948); *accord: Montgomery v. Bordenkircher*, 620 F.2d 127, 129[3] (6th Cir.1980), *cert. den.* 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71 (1980); *Pearson v. State*, 521 S.W.2d 225, 227[4] (Tenn.1975).

Mr. Allen is not entitled to relief on this ground.

It appearing that the petitioner is entitled to no relief, he hereby is

DENIED all relief herein. Rule 8(a), 28 U.S.C. fol. § 2254. Judgment will so enter. Rule 58, R.Civ.P.

---

and fair litigation of his Fourth-Amendment claim. *Dunn v. Rose,* 504 F.Supp. 1333, 1337[5] (D.C.Tenn.1981).