United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 02-51037
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO HOFFMAN-PORTILLO,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1196-EP

———————

Before GARWOOD, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pablo Hoffman-Portillo (Hoffman) appeals his conviction for importation of marihuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and for possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1). Hoffman argues that the district court abused its discretion in denying his motion for a new trial on the ground of juror misconduct.

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In support of his motion, Hoffman attached the affidavit of a juror, Jan Dobrin, in which Dobrin stated that after the jury had been sworn and before evidence was taken, another juror stated, "[w]here there's smoke, there's fire," and "[T]he police don't arrest you for nothing." Dobrin's affidavit, however, is inadmissible pursuant to Federal Rule of Evidence 606(b). *See United States v. Ortiz*, 942 F.2d 903, 913 (5th Cir. 1991). We also conclude that the district court did not abuse its discretion in declining to investigate the allegations of juror misconduct and in denying Hoffman's motion for a new trial. *See United States v. Rivera*, 295 F.3d 461, 470 (5th Cir. 2002); *Grooms v. Wainwright*, 610 F.2d 344, 347 (5th Cir. 1980).

Moreover, to the extent that Hoffman argues that the district court should have entertained evidence concerning, or further investigated the possibility of, juror bias based on Dobrin's affidavit, that argument is also without merit. "The proper time to discover such [juror prejudice] is when the jury is being selected and peremptory challenges are available to the attorneys." *United States v. Duzac*, 622 F.2d 911, 913 (5th Cir. 1980). A jury's "verdict may not be disturbed if it is later learned that personal prejudices were not put aside during deliberations." *Id*. Moreover, even where jurors may have made "premature expressions as to guilt, we generally defer to the district court's decision as to whether the defendant received a fair trial by an impartial jury."

2

*United States v. Collins*, 972 F.2d 1358, 1404 (5th Cir. 1992).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.