# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2022

Lyle W. Cayce
Clerk

No. 21-20439

Ricky Dockery,

*Plaintiff—Appellant*,

*versus*

Texas Department of Criminal Justice,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-966

Before King, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

An employee of the Texas Department of Criminal Justice sued his employer, alleging it had failed to promote him due to his race, which is African American. A jury returned a verdict for the defendant, and the plaintiff moved for a new trial and alleged that extrinsic influence unfairly prejudiced the jury. The district court denied his motion for a new trial. We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20439

REMAND for fact-finding on whether there were extrinsic influences and retain jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Ricky Dockery is an African American male who has worked for the Texas Department of Criminal Justice ("TDCJ") for more than thirty years. In March 2014, Dockery resigned from his position as Assistant Plant Manager of the Beto-Sign Plant and retired. Dockery's retirement was short-lived, though, and he returned to the employ of TDCJ in December 2014 as an Industrial Specialist III. Less than a year later, TDCJ had a vacancy in Dockery's old position of Assistant Plant Manager, and Dockery applied for the job.

Dockery alleged a subsequent saga of mismanagement and malfeasance, in which he ultimately was not awarded the job of Assistant Plant Manager. Dockery believed that this failure to promote was due to his race, and he filed an Equal Employment Opportunity Complaint internally with the TDCJ and a Charge of Discrimination with the Equal Employment Opportunity Commission. Two years later, TDCJ again posted the position as open, and, again, Dockery applied but was not selected for the job.

In 2018, Dockery sued TDCJ in the United States District Court, Southern District of Texas, alleging racial discrimination in violation of 42 U.S.C § 1981 and Title VII of the Civil Rights Act of 1964. The district court held a jury trial, and the jury returned a verdict for TDCJ. Following the verdict, Dockery filed a motion for new trial and attached an affidavit from one of the jurors. Dockery alleged several errors in his motion for a new trial, but raises only one issue on appeal: whether the district court abused its discretion in refusing to grant the motion for a new trial without an evidentiary hearing because extrinsic evidence alleged in the juror affidavit influenced the jury, rendering the trial unfair.

No. 21-20439

## DISCUSSION

A district court's denial of a motion for a new trial is reviewed for abuse of discretion. *See Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2020). The baseline presumption "in any trial" is that of "jury impartiality." *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995). The presumption may be overcome, though, by showing prejudice through "evidence that extrinsic factual matter tainted the jury's deliberations." *Id.* (quotation marks and citation omitted). Upon a "colorable showing of extrinsic influence," it is a court's responsibility to "investigate the asserted impropriety," and a new trial is warranted upon the introduction of extrinsic evidence" into the jury room "unless there is no reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *Id.* (quotation marks and citation omitted).

At the same time, a court's ability to inquire into a jury's deliberations is sharply constrained by Federal Rule of Evidence 606(b). *See id.* at 652. Federal Rule of Evidence 606(b) provides that "'[d]uring an inquiry into the validity of a verdict,' evidence 'about any statement made or incident that occurred during the jury's deliberations' is inadmissible." *Warger v. Shauers*, 574 U.S. 40, 43 (2014) (quoting Fed. R. Evid. 606(b)(1)). The rule, though, has three exceptions, and allows testimony "about whether . . . (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).

Taken together these propositions support the following:

Post-verdict inquiries into the existence of impermissible extraneous influences on a jury's deliberations are allowed under appropriate circumstances so that a juryman may testify to any facts bearing upon the question of the Existence of any

3

extraneous influence, although not as to how far that influence operated on his mind.

*Llewellyn v. Stynchcombe*, 609 F.2d 194, 196 (5th Cir. 1980) (quotation marks and citation omitted).

In his motion for a new trial, Dockery alleged that there were two instances of extrinsic influence on the jury, and he presses these again on appeal. First, Dockery alleged that a member of the jury worked for the State of Texas — though not with the TDCJ — and warned other jurors that Texas was paying for a retirement pension as well as for Dockery's regular pay as a current employee, in effect "double-dipping." Second, Dockery alleged that one of the other jurors "was directly influenced by his wife's opinions in deciding in favor of TDCJ," and that the juror "told [the jury] that his wife (not a juror) discussed with him how important a 'management pipeline' was to an employer" making him "inclined to vote in favor of TDCJ." Both statements were supported by the juror's affidavit.

The district court identified "improper outside influence by a juror" as one of the issues raised in Dockery's motion for a new trial. The district court, though, only addressed one of the alleged instances of allegedly improper external influence in the order, and even this discussion was limited:

> Plaintiff contends a juror's experience working for Texas Health & Human Services impermissibly influenced his opinion and the opinion of other jurors. The fact that a juror has relevant experiences to the case does not necessarily mean he violated his obligation to decide this case based on the evidence and the law as the Court gave it. After reviewing the Motion, the court finds that the evidence is insufficient to support a finding that the juror's conduct was an impermissible influence, amounting to jury misconduct.

The district court neither explicitly addressed the use of the juror's affidavit to establish a question of improper extrinsic influence nor discussed the possibility that the juror's comments about a conversation with his wife might have constituted such improper extrinsic influence.

Dockery argues that he has done enough to make a "colorable showing of extrinsic influence" on the jury's verdict and that this "obligated the district court to address the issue." He asserts that "the district court erred by failing to investigate [Dockery's] colorable allegations of improper extrinsic influence," and urges us to remand to the trial court for an evidentiary hearing.

In response, TDCJ argues that the affidavit should never have been considered as it undermines Rule 606(b), and that even if the district court did consider the affidavit, "juror discussion of personal past experience is not 'extrinsic' evidence that requires a new trial."

We agree with the TDCJ as to the juror who discussed his knowledge of state employment. A jury's discussion of "extraneous general information," so long as it was not prompted by an outside source, is not an extrinsic influence as described in the exceptions to Rule 606(b). There is no outside *source* when a juror discusses his own life experiences. The juror who discussed his understanding of employment by the State of Texas was simply doing what jurors do — discussing the evidence in terms of personal experiences. "It is of course the very stuff of the jury system for the jury to exercise its collective wisdom and experience in dissecting the evidence properly before it; and in this process the cross-pollination of opinion, viewpoint, and insight into human affairs is one of the jury's strengths." *United States v. Howard*, 506 F.2d 865, 866 (5th Cir. 1975) (quotation marks and citation omitted).

In a more recent precedent, we found no abuse of discretion when a trial court denied a motion for a new trial based on jurors' considering "extraneous general information" against the court's explicit instructions not to do so. *United States v. Brito*, 136 F.3d 397, 414 (5th Cir. 1998). We held that this did not violate Rule 606(b) and the district court did not abuse its discretion because "there [was] nothing to suggest this information was brought to the jury's attention by an outside source." *Id.*

The other reported juror statement could be interpreted as meaning an outside source provided information that affected one juror's decision. A juror *allegedly* stated "that his wife (not a juror) discussed with him how important a 'management pipeline' was to an employer" and that "[a]fter this conversation, he told [the jury] he was voting in favor of TDCJ." The affidavit certainly could be clearer, but to us the best interpretation is that during a break in deliberations, perhaps when the juror was home at night, the couple discussed the case and the juror's wife made her comment implying that promoting through the current employee "pipeline" was important. We so interpret because the affiant swears that the other juror stated that it was "[a]fter this conversation [that] he told us he was voting in favor of TDCJ."

We have stated already that a "colorable showing of extrinsic influence" requires that a district court investigate. *Ruggiero*, 56 F.3d at 652. There was enough in the affidavit about a juror who spoke to his wife to require an investigation. Certainly, in this 17-pararaph affidavit, there were many allegations. We are identifying only one, but it is an important one. With respect, the district court abused its discretion by not investigating. In this case, it would require clarification of what actually happened and a decision as to whether "there is no reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *Id.* (quotation marks and citation omitted).

We will remand so that the district court may conduct an evidentiary hearing that will allow the court to make findings as to whether a juror discussed the case with his wife after the trial began.  We have recently held that in a criminal case, comments made to a juror by outside parties about issues relevant to the trial are extrinsic influences.  *See United States v. Jordan*, 958 F.3d 331, 334–39 (5th Cir. 2020).  The same applies here.

The relevant fact to be found is whether an extraneous influence acted on one or more jurors.  Should the district court find that unnamed juror did speak with his wife about the trial while it was occurring, the court should examine (1) "the content of the extrinsic material," *i.e.*, the conversation; (2) "the manner in which it came to the jury's attention"; and (3) "the weight of the evidence" in favor of the verdict in order to determine if there was "no reasonable possibility" that the verdict was influenced by the extrinsic material.  *See Ruggiero*, 56 F.3d at 652–53 (quoting *United States v. Luffred*, 911 F.2d 1011, 1014 (5th Cir. 2014)).  The inquiry should not explore "how far that influence operated" on any testifying juror because that would "probe the mental processes of jurors."  *Llewellyn*, 609 F.2d at 196 (quoting *Mattox v. United States*, 146 U.S. 140, 149 (1892)).  If there were outside influences on the jury, the party who urges upholding the verdict must rebut a presumption of prejudice.  *See Ruggiero*, 56 F.3d at 652.

After an evidentiary hearing, the court should submit a supplemental order setting forth its findings.  We REMAND and maintain jurisdiction.