835 F.2d 1204
 24 Fed. R. Evid. Serv. 496
 UNITED STATES of America ex rel. Charles SANDERS, Petitioner-Appellant,
v.
Michael LANE, Director, Illinois Department of Corrections
and Kenneth McGinnis, Warden, Pontiac Correctional
Center, Respondents-Appellees.
 No. 84-1673.
 United States Court of Appeals,
Seventh Circuit.
 Dec. 18, 1987.
 
 Barbara Czuchra Kamm, Chicago, Ill., for petitioner-appellant.
 Ellen M. Flaum, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.
 ON REMAND FROM THE UNITED STATES SUPREME COURT
 Before BAUER, Chief Judge, and POSNER, and EASTERBROOK, Circuit Judges.
 BAUER, Chief Judge.
 
 
 1
 A Cook County circuit court convicted Charles Sanders for the robbery and murder of Killis Dickerson. He was sentenced to thirty years imprisonment for murder and twenty-five years each for armed robbery and home invasion, all sentences to run concurrently. Sanders then filed a petition for a writ of habeas corpus in federal district court, contending that the state trial court improperly admitted into evidence an incriminating statement of his codefendant, Benjamin Hunter, during their joint trial. The district court denied the petition. By an unpublished order of November 8, 1985, we affirmed, 779 F.2d 54. Sanders next filed a petition for a writ of certiorari in the Supreme Court, which remanded his case to us for reconsideration in light of its recent decision in Cruz v. New York, --- U.S. ----, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). --- U.S. ----, 107 S.Ct. 1950, 95 L.Ed.2d 523. Having considered Cruz, we now reverse the district court's denial of Sanders's petition for a writ of habeas corpus and remand with an instruction that he be given a new trial.
 
 I.
 
 2
 This case involves conflicting confessions. Sanders and Hunter both told police that they went to Dickerson's apartment for the purpose of robbing Dickerson. Each, however, told different versions of what happened at the apartment. Hunter said Sanders broke into the apartment and beat and robbed Dickerson while Hunter remained outside as a lookout. Sanders said Hunter beat and robbed Dickerson while he waited outside the apartment. Whoever beat Dickerson beat him to death.
 
 
 3
 At their joint trial, in which neither Hunter nor Sanders testified, the court admitted Hunter's statement into evidence over Sanders's objection, as well as Sanders's own statement. The state trial court found that the codefendants' confessions were "interlocking" and, therefore, that their admission into evidence would not violate Sanders's sixth amendment right to confront witnesses.
 
 
 4
 Sanders's habeas corpus petition claimed that the state court erred in admitting Hunter's statement into evidence. As we have noted, the district court denied the petition and we affirmed. We found the confessions "interlocking" because both defendants' statements agreed on all the elements of the crimes with which they were charged, and held that the discrepancy as to who was lookout is inconsequential in light of Illinois accountability law. We also indicated that the admission of Hunter's statement was harmless error because Sanders admitted that the jury could have found him guilty under an accountability theory based solely on his own confession. We found it irrelevant whether the jury believed that Sanders acted as the lookout or as the principal, stating that he would have been found guilty of the same crimes either way.
 
 II.
 
 5
 The sixth amendment's confrontation clause guarantees a defendant the right "to be confronted by the witnesses against him." Cruz, --- U.S. at ----, 107 S.Ct. at 1717. That guarantee, which applies to the states by way of the fourteenth amendment, includes the right to cross-examine witnesses. Id.
 
 In Cruz, the Court held that
 
 6
 where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him.
 
 
 7
 107 S.Ct. at 1719 (citation omitted). The Court thus rejected the "interlocking confession" doctrine first tendered by a plurality of the Court in Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1978). That doctrine held that when the defendant's own confession is in evidence, the introduction of a codefendant's confession does not violate the sixth amendment, so long as the jury is instructed to consider each confession only against the party who made it. See id. at 74-75, 99 S.Ct. at 2140. The Court in Cruz stated, however, that
 
 
 8
 the defendant's confession may be considered at trial in assessing whether his codefendant's statements are supported by sufficient "indicia of reliability" to be directly admissible against him (assuming the "unavailability" of the codefendant) despite the lack of opportunity for cross-examination, and may be considered on appeal in assessing whether any Confrontation Clause violation was harmless.
 
 
 9
 Cruz, 107 S.Ct. at 1719 (citations omitted). Because respondents apparently do not argue on remand that Hunter's statement was supported by sufficient indicia of reliability to be admissible directly against Sanders,[1] the only issue we consider is whether the admission of Hunter's statement into evidence was harmless error.
 
 III.
 
 10
 The admission of Hunter's statement is harmless only if there is no reasonable possibility that Hunter's statement might have contributed to Sanders's conviction. See Chapman v. United States, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, reh'g denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). Thus, unless we are convinced beyond a reasonable doubt that the jury would have convicted Sanders absent Hunter's statement, we must reverse the district court's denial of his habeas corpus petition. In this case, we cannot be so sure. First, and most important, Hunter's statement implicated Sanders in a much different manner than Sanders's statement would have standing alone. Hunter, as we have noted, called Sanders a robber and murderer; Sanders called Sanders a lookout. Also, apparently little other evidence of Sanders's guilt existed apart from his own statement, brought in through the testimony of a police officer. In other words, without Hunter's statement, we cannot say that the evidence of Sanders's guilt was overwhelming. In addition, Sanders proffered an alibi defense, attacked the credibility of the officer who testified to the contents of his statement, and argued that the statement did not affirmatively express an intent to rob, let alone kill Dickerson. Moreover, the prosecution relied much more on Hunter's confession than on Sanders's when it addressed the jury. These factors, taken together, indicate that Hunter's statement reasonably might have contributed to Sanders's conviction.
 
 
 11
 Finally, even if Sanders's statement covered all the elements of the crimes with which he was charged because of Illinois law on accountability, Hunter's statement might still have reasonably contributed to Sanders's conviction. As the Supreme Court stated in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), "[w]e do not suggest that, if evidence bearing on all the ingredients of the crime is tendered, the use of cumulative evidence though tainted, is harmless error." Id. at 254, 89 S.Ct. at 1728. To the extent we made such a suggestion in our earlier order affirming the district court, we were mistaken. Thus, whether Sanders could have been convicted on the basis of his own statement is not the target of our inquiry. Our harmless error analysis must focus on the potential contribution of the tainted evidence--Hunter's statement--to Sanders's conviction. As we have noted, such a contribution reasonably might have occurred.
 
 
 12
 For these reasons, we reverse the district court's denial of Sanders's petition and remand with an instruction that Sanders be given a new trial.
 
 
 
 [1]
 In any case, this argument is problematic. The Supreme Court recently addressed the admissibility of codefendants' confessions in Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986). In Lee, the Court held that codefendants' confessions are presumptively unreliable and therefore inadmissible absent a "showing of particularized guarantees of trustworthiness." 106 S.Ct. at 2064. According to the Court, a codefendant's confession is not necessarily reliable simply because some of the facts it contains "interlock" with the facts in the defendant's statement. Id. Thus,
 [i]f those portions of the codefendant's purportedly "interlocking" statement which bear to any significant degree on the defendant's participation in the crime are not thoroughly substantiated by the defendant's confession, the admission of the statement poses too serious a threat to the accuracy of the verdict to be countenanced by the sixth amendment.
 Id. at 2064-65. Hunter's statement, therefore, lacks the guarantees of trustworthiness required for direct admissibility. Hunter's version of Sanders's participation in the robbery and murder of Dickerson is in no way thoroughly substantiated by Sanders's version. The two statements disagree on who actually went into the apartment and robbed and beat Dickerson to death. That both statements might agree on one fact--they went to the apartment for the purpose of robbing Dickerson--does not render the rest of Hunter's statement reliable.