CARDWELL ET AL. *v.* TAYLOR

No. 82–1496. Decided May 23, 1983

PER CURIAM.

The respondent, Louis Cuen Taylor, was convicted of 28 counts of first-degree murder arising out of a fire set in a hotel in 1970. He received a sentence of life imprisonment on each count. After the Arizona Supreme Court affirmed his convictions and sentences, *State* v. *Taylor*, 112 Ariz. 68, 537 P. 2d 938 (1975), cert. denied, 424 U. S. 921 (1976), he filed a petition for a writ of habeas corpus in the United States District Court for the District of Arizona. The District Court denied the writ, and the Court of Appeals for the Ninth Circuit reversed, remanding for an evidentiary hearing to determine whether certain statements made by Taylor and introduced in evidence against him were voluntary.

579 F. 2d 1380 (1978). On remand, the District Court decided that the statements were voluntary and again denied the writ. On appeal, the Court of Appeals reversed once more. 692 F. 2d 765 (1982). It relied on *Dunaway* v. *New York*, 442 U. S. 200 (1979), decided after the first appeal to the Ninth Circuit but before the hearing on remand. In *Dunaway*, this Court required the exclusion of custodial statements following an arrest that violated the Fourth Amendment, unless the circumstances showed the attenuation of the taint of the illegal arrest. The Court of Appeals stated that the District Court "should have permitted the petitioner to argue the Fourth Amendment issue." App. to Pet. for Cert. 2a. Although the District Court had not considered the issue, the Court of Appeals thought the record sufficient to permit it to resolve the question. It determined that Taylor had been arrested without probable cause and that "[n]o significant event intervened" between the illegal arrest and the statements to attenuate the taint. *Id.*, at 3a. Consequently, it directed the District Court to issue the writ. We now reverse.

In *Stone* v. *Powell*, 428 U. S. 465 (1976), Powell, like the respondent in this case, argued that evidence used in his trial was the product of an illegal arrest. This Court held that federal courts could not, on a state prisoner's petition for a writ of habeas corpus, consider a claim that evidence obtained in violation of the Fourth Amendment should have been excluded at his trial, when the prisoner has had an opportunity for full and fair litigation of that claim in the state courts. The Court of Appeals in this case, however, did just that, holding that the custodial statements made by Taylor were obtained in violation of our decision in *Dunaway*. *Dunaway* relied not on the involuntariness of the statements made—a concern under the Fifth Amendment—but on whether there was an unattenuated causal link between the statements and a violation of the Fourth Amendment. Indeed, the Court in *Dunaway* sought to dispel any

"lingering confusion between 'voluntariness' for purposes of the Fifth Amendment and the 'causal connection' test established" for purposes of the Fourth Amendment. 442 U. S., at 219. Therefore, under *Stone* v. *Powell*, the Court of Appeals should not have considered the petitioner's argument that *Dunaway* required the exclusion of his statements. Only if the statements were involuntary, and therefore obtained in violation of the Fifth Amendment, could the federal courts grant relief on collateral review. On remand, the Court of Appeals should review the District Court's decision on voluntariness, giving appropriate deference, of course, to any findings of fact made by the state courts in the long course of these proceedings, *Sumner* v. *Mata*, 449 U. S. 539 (1981). The motion of respondent for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE BRENNAN and JUSTICE MARSHALL would grant the petition and set the case for oral argument.