John W. HANEY, Petitioner,

v.

Michael DUTTON, et al., Respondents.

Civ. A. No. 3:84–0517.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 22, 1984.

Memorandum Opinion and Order
July 11, 1984.
On Motion for Enlargement
Aug. 1, 1984.

On Request for Certificate of
Probable Cause Aug. 17, 1984.

John W. Haney, pro se.

William M. Leech, Jr., Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION
## AND ORDERS

NEESE, Senior District Judge, sitting by designation.

The petitioner Mr. John W. Haney, who is serving a life term of imprisonment for

involving the discretionary mental processes of the witness sufficiently to run afoul of Fifth Amendment privilege.

murder in the second degree, seeks the federal writ of habeas corpus. 28 U.S.C. § 2254(a). He claims he was denied the effective assistance of counsel at trial because his counsel

> * * * was aware, prior to seating of the jury, of a prospective juror's knowledge of Petitioner's prior conviction * * *. [But] * * * Petitioner's attorney failed to bring this knowledge to the attention of the court and allowed the juror to be seated and sworn on the jury with this prejudicial knowledge. * * *

Mr. Haney appears to have exhausted his available state remedies by presenting this claim to the courts of Tennessee through post-conviction relief procedures. *See State of Tennessee*, appellee, *v. John W. Haney*, appellant, no. 82–130–III, in the Court of Criminal Appeals of Tennessee at Nashville, unpublished opinion of November 17, 1983, *perm. app. den.* by Supreme Court of Tennessee, March 5, 1984.

It appears from that opinion that a hearing on the juror-incident was held in the trial Court and that the hearing-judge found the extraneous information received by such juror had no effect on her deliberation and that, therefore, it caused no prejudice to Mr. Haney. It appears further that such appellate Court found that, contrary to the assertion of the petitioner, counsel first became aware of this incident " * * * *after* trial, but before the post-trial hearing. * * * " Assuming these findings have "fair support" in the record, they are entitled to deference by this Court. 28 U.S.C. § 2254(d); *Marshall v. Lonberger*, 459 U.S. 422, 432, 103 S.Ct. 843, 850[2], 74 L.Ed.2d 646 (1983); *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1983); *Sumner v. Mata*, 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) ("We deal here with a statute that requires federal courts to show a high measure of deference to the fact findings made by the state courts.")

It hereby is ORDERED that the respondent file within 30 days herefrom an answer in accordance with Rule 5, 28 U.S.C. fol. § 2254. Rule 4, 28 U.S.C. fol. § 2254. (It is not anticipated that the filing of a complete transcript of the trial will be necessary; only that portion of the transcript relating to the hearing on the motion for a new trial need be filed at this time.) *

## MEMORANDUM OPINION AND ORDER

As the Court noted earlier, *see* memorandum opinion and orders herein of May 22, 1984, the petitioner Mr. Haney claims he was deprived of the effective assistance of counsel, Constitution, Sixth Amendment. He claims his trial counsel

> * * * was aware, prior to seating of the jury, of a prospective juror's knowledge of Petitioner's prior conviction. Petitioner's attorney failed to bring this knowledge to the attention of the court and allowed the juror [Ms. Evelyn Yell] to be seated and sworn on the jury with this prejudicial information. * * * [1]

From the transcript of a hearing held in the trial Court concerning *inter alia* the incident involving Ms. Yell, the Court of Criminal Appeals found that, contrary to the claim of Mr. Haney, the information (that Ms. Yell was aware of his prior conviction) " * * * came to the attorneys *after* [emphasis in original] trial, but before the post-trial hearing * * * " and that trial counsel for Mr. Haney " * * * did not learn of the matter involving juror Yell prior to trial * * * " as was contended by the petitioner. *State of Tennessee*, appellee, *v. John W. Haney*, appellant, no. 82–130–III, in the Court of Criminal Appeals of Tennessee at Nashville, unpublished opinion of November 17, 1983 at pg. 3. The fore-

---

* A copy of the opinion of the Court of Criminal Appeals on the *direct* appeal (May 25, 1979) should be submitted also.

1. The petitioner did not specify in his petition his ground for relief but, instead, incorporated therein the documents which he had presented to the appellate courts of Tennessee. This statement of his claim is taken from the introduction of his unsuccessful application for permission to appeal to the Supreme Court of Tennessee.

going findings have "fair support" in the record.[2]

They are thus entitled to deference by this Court. 28 U.S.C. § 2254(d); *Marshall v. Lonberger*, 459 U.S. 422, 432, 103 S.Ct. 843, 850[2], 74 L.Ed.2d 646 (1983); *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1983); *Sumner v. Mata*, 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982). Furthermore, such findings are supported by the uncontroverted affidavits herein of trial-counsel for Mr. Haney, each of whom states that he did not learn of the incident involving Ms. Yell " * * * until the day after the trial * * *."

The factual basis for the petitioner's claim of ineffective assistance of counsel being without merit, this Court concludes, as a matter of law, that Mr. Haney was not deprived of his Sixth Amendment right to the effective assistance of counsel as claimed. It appearing from a review of the state-court proceedings and of the expanded record that an evidentiary hearing is not required herein, and it appearing further that the petitioner is not entitled to relief herein, his petition hereby is

DISMISSED. Rule 8(a), 28 U.S.C. fol. § 2254. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P.

The petitioner has not made a substantial showing of the denial of a federal right because his petition fails to challenge the factual determinations of the state appellate court and fails to invoke any of the exceptions to the presumption of correctness of 28 U.S.C. § 2254(d). *See Loveday v. Davis*, 697 F.2d 135, 138–139 (6th Cir. 1983). Therefore, a certificate of probable cause shall NOT issue. Rule 22(b), *supra; Barefoot v. Estelle*, 463 U.S. 880, ——, 103 S.Ct. 3383, 3394[11, 12], 77 L.Ed.2d 1090 (1983), *reh. den.* —— U.S. ——, 104 S.Ct.

209, 78 L.Ed.2d 185 (1983) (probable cause requires the petitioner to make a substantial showing of the denial of a federal right).

### ON MOTION FOR ENLARGEMENT

The petitioner moved the Court for " * * * an enlargement of 30 days to prepare and file a motion to rehear." Because the Court is without authority to grant such an enlargement, such motion hereby is

DENIED.

The Supreme Court has held that a motion for a rehearing in a federal habeas-corpus proceeding is governed by the provisions of Rule 59(b) or (e), F.R.Civ.P. *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 268–271, 98 S.Ct. 556, 562–564[6], [7], 54 L.Ed.2d 521 (1978), *reh. den.* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978). This Court is prohibited expressly from enlarging the time periods specified in Rule 59, Rule 6(b), F.R. Civ.P., and this prohibition is mandatory. *Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 206, n. 4, 63 S.Ct. 543, 545, n. 4, [5], 87 L.Ed. 714 (1943); *Perry v. Richardson*, 440 F.2d 677, 679 (6th Cir. 1971).

### ON REQUEST FOR CERTIFICATE OF PROBABLE CAUSE

This Court has already ruled that a certificate of probable-cause will not issue herein for the reasons assigned. Memorandum opinion and order herein of July 11, 1984, p. 4. The petitioner should now address his request therefor to a judge of the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2253; Rule 22(b), F.R.App.P.

---

2. *See* transcript of hearing on motion for new trial of October 11, 1978, at 8.