**UNITED STATES of America ex rel. Robert E. LEE, A92518, Plaintiff,**

v.

**Mary FLANNIGAN, Administrator of Menard Psychiatric Center, and Neil F. Hartigan, Attorney General of the State of Illinois, Defendants.**

No. 88 C 1609.

United States District Court,
N.D. Illinois, E.D.

Oct. 12, 1988.

---

## ORDER

NORGLE, District Judge.

Robert E. Lee ("Lee") has petitioned the court for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Lee moves for summary judgment, and respondents move for denial of the writ. For the following reasons, respondents' motion to deny the writ is granted, and petitioner's motion for summary judgment is denied.

Lee is currently incarcerated in the Menard Psychiatric Center, Menard, Illinois, pursuant to his state court convictions for two shootings which occurred on the north side of Chicago on January 26, 1984. In separate trials, Lee was convicted of the murder and attempted armed robbery of William Hawbecker ("*Hawbecker* trial" or "*Hawbecker* case") and the armed robbery and attempted murder of Peter Larson ("*Larson* trial" or "*Larson* case"). In a consolidated appeal, the Illinois Appellate Court affirmed Lee's convictions for the murder of William Hawbecker and the armed robbery and attempted murder of Peter Larson, and reversed his conviction for the attempted armed robbery of William Hawbecker. *See People v. Lee*, 151 Ill.App.3d 510, 104 Ill.Dec. 136, 502 N.E.2d 399 (1986), *review denied*, 115 Ill.App.3d 546, 110 Ill. Dec. 461, 511 N.E.2d 433 (1987). The State and Lee both filed timely petitions in the Illinois Supreme Court for leave to appeal, both of which were denied on June 4, 1987. Lee ultimately was sentenced to 40 years in the *Hawbecker* case and to a concurrent sentence of 20 years in the *Larson* case. The State admits that Lee has exhausted his state court remedies. Lee argues that he is entitled to a writ of habeas corpus for five independent reasons. The court will address each of these in the sequence presented. The facts of the case are set out in detail in *Lee*, 104 Ill.Dec. 136, 502 N.E.2d 399.

■ Petitioner first argues that the trial court improperly admitted Larson's identification of Lee. Larson was permitted to identify Lee in open court during the *Hawbecker* and *Larson* trials. Lee argues that the identification was a result of a suggestive pre-trial show-up, and thus violative of Lee's due process rights.

The court defers to the analysis of the Illinois Appellate court on this matter. *See* 28 U.S.C. § 2254(d); *Lee*, 104 Ill.Dec. at 144–45, 502 N.E.2d at 407–408. As the court in *Lee* points out, in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court established a two-step test for this issue: (1) was the out-of-court identification impermissibly suggestive, and (2) did it create a "substantial likelihood of irreparable misidentification." *Id.* at 107, 97 S.Ct. at 2249; *see also Lee*, 104 Ill.Dec. at 144, 502 N.E.2d at 407. The court in *Lee* found the hospital identification to be suggestive, and respon-

dents in this proceeding do not seriously contend otherwise. However, the court in *Lee* also found that under the totality of the circumstances, the out-of-court identification was reliable enough to negate any likelihood of misidentification, *see id.*, and this court defers to that finding.

■ Lee's second argument is that Hawbecker's out-of-court description of his assailant should not have been read in open court, and that the admission of testimony regarding the substance of that description and reference to it in closing argument as evidence of Lee's identification violated Lee's Sixth Amendment right of confrontation. The Illinois Appellate Court held that the investigating officer could testify that he arrested Lee based on a description received from Hawbecker, but that the substance of the description itself was inadmissible hearsay. *Id.* at 146, 502 N.E.2d at 409. This court defers to that holding and agrees with it for the reasons stated therein. *See id.; 28 U.S.C. § 2254(d); see also Baumgartner v. Ziessow*, 169 Ill.App.3d 647, 120 Ill.Dec. 99, 104, 523 N.E.2d 1010, 1015 (1988) (police reports are generally inadmissible as substantive evidence). Nevertheless, counsel for petitioner should have asked the trial judge for a limiting instruction. *See* Federal Rule of Evidence 105 (by analogy).

The admission of Hawbecker's description is not reversible error if the court is convinced beyond a reasonable doubt that the jury would have convicted Lee absent Hawbecker's statement. *See United States ex rel. Sanders v. Lane*, 835 F.2d 1204, 1206 (7th Cir.1987).[1] If the substance of Hawbecker's description had not been presented to the jury, the jury would have still had before it evidence that Lee had confessed, that Lee was in the area of the shooting with a gun on the night in question, and that the police received a descrip-

tion from Hawbecker which contained enough information to constitute probable cause for the police to arrest Lee. Lee faced strong evidence of his guilt. Furthermore, as petitioner points out, the substance of Hawbecker's description of Lee was not extremely specific. For example, it contained no minute details such as identification of crossed eyes, moles or scars, the kind of details which are likely to make a strong impression on a jury. Therefore, the substance of the description itself had very little impact beyond the fact that a description enabling the police to arrest Lee was given. Because the evidence against Lee without the substance of the description was substantial, and because the description itself added little to the fact that a description was given, the court finds the admission to be a harmless error.

■ Lee's third argument is that there were two incidents of prosecutorial misconduct in the *Hawbecker* trial. The first incident involved an alleged reference to Lee's decision not to testify, in violation of Lee's Fifth Amendment right against self-incrimination. "Indirect references to the defendant's failure to testify are constitutionally impermissible *if* the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify." *United States ex rel. Burke v. Greer*, 756 F.2d 1295, 1300 (7th Cir.1985) (citations omitted) (emphasis added). Once a constitutional violation is established, the government will prevail only if the error was harmless. *Id.* at 1302. For the error to be harmless in this context, the case against the defendant must be "overwhelming." *Id.*

■ The court defers to the appellate court's finding that the challenged question was not an indirect reference to Lee's fail-

---

1. Respondents urge the court to issue a writ only if the error was a critical factor in the outcome of the case, citing *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir.1982). *Cramer* states that "Erroneous evidentiary rulings will not cause a writ to issue unless a specific constitutional guarantee has been violated, which is not claimed by petitioner here, or the error is of such magnitude that the results is [sic] a denial of fundamental fairness." *Id.* Thus, the magnitude of the error must be great for a writ to issue only where no violation of a specific constitutional guarantee occurred. However, petitioner alleges violation of the Confrontation Clause of the Sixth Amendment, a specific constitutional guarantee.

ure to testify, given the context. *See* 28 U.S.C. § 2254(d); *Lee*, 104 Ill.Dec. at 147–48, 502 N.E.2d at 410–11. Even if the court were to refuse to defer to that finding, the court would find that the question complained of by Lee was neither "manifestly intended" nor "naturally and necessarily taken" to refer to Lee's decision not to testify. The context of the question is set out in the opinion of the Illinois Appellate court. *See* 104 Ill.Dec. 147, 502 N.E.2d at 410. It was both intended and naturally taken as an attempt to rebut Dr. Arbit's testimony. The *Hawbecker* trial began approximately thirty-four days after the alleged murder. The confession was written four days after the alleged murder. The question in controversy asks of a psychiatrist if Lee could state, on the day of trial, whether he shot someone four days before the trial. Thus, it focused on Lee's ability of recollection, the subject of Dr. Arbit's testimony, rather than his failure to testify. Because there was no constitutional violation, the court need not consider whether the error was harmless.

The second alleged incident of prosecutorial misconduct in the *Hawbecker* trial involved the prosecution's closing argument. In that argument, the prosecution claimed that Lee killed Hawbecker, shot Larson, and was a "time bomb" ready to go off again. Petitioner argues that this was an attempt to convict him for crimes other than the shooting of Hawbecker, i.e., the shooting of Larson and future crimes. The court notes initially that Lee did not object to the closing argument during the trial. Moreover, the Illinois appellate court found that the closing argument was proper under Illinois law. *See* 104 Ill.Dec. 148, 502 N.E.2d at 411. "[I]t is not our role on habeas corpus to set aside a state court's interpretation of its own law." *Cramer v. Fahner*, 683 F.2d 1376, 1381 (7th Cir.1982).

■ Petitioner argues that the closing argument was so unfair that even if it did not violate any specific Illinois law, it violated his constitutional right to a fair trial.

"Unless the claimed error amounted to a fundamental defect so great that it inherently resulted in a complete miscarriage of justice, the conviction should stand." *Id.* at 1385. Surely that is not the case here. The description of Lee as a "time bomb" is reasonable, given the evidence. The court agrees with the Illinois appellate court that the prosecution should not have said Lee "did *these* crimes" (emphasis added), but that the statement did not materially contribute to the conviction. *See Lee*, 104 Ill.Dec. 148, 502 N.E.2d at 411; *see also United States ex rel. Garcia v. Lane*, 698 F.2d 900, 902 (7th Cir.1983) (prosecutor's closing argument that if the jury were to find defendant not guilty, it would "validate the hunting license of every gang member ... of our city" not violative of petitioner's right to a fair trial). The cases of prosecutorial misconduct cited by petitioner, *United States v. Meeker*, 558 F.2d 387 (7th Cir.1977) and *United States v. Dow*, 457 F.2d 246 (7th Cir.1972) involve far more egregious conduct than is at issue here and involved repeated infractions.[2] The "did these crimes" statement was innocuous in its context (it was a response to an objection by defense counsel) and arguably referred to the two counts defendant was charged with.

Lee's fourth argument is that the police lacked probable cause to arrest him, and therefore evidence acquired as a result of that arrest should be suppressed. The Supreme Court has held that a claim that evidence was obtained in violation of the Fourth Amendment and should have been excluded is not cognizable on habeas review if the state provided an opportunity for full and fair litigation of the Fourth Amendment claim. *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1983); *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). It is undisputed that both the trial court and the appellate court ruled on the issue of probable cause. *See* transcript at 58–185; *Lee*, 104 Ill.Dec. at 141–42, 502 N.E.2d at 404–05. However,

---

**2.** Petitioner cites several other cases involving prosecutorial misconduct, but these involve direct rather than habeas review. Those cases are inapposite because they utilize a more stringent standard of review.

petitioner claims he received no full and fair opportunity to litigate his Fourth Amendment claim.

■ Petitioner argues that the trial court's evidentiary hearing was procedurally inadequate because the trial court repeatedly and improperly sustained objections to questions posed by Lee's counsel. This claim is procedurally defaulted because it was not presented to the Illinois courts. On appeal, petitioner argued that the facts elicited at the hearing did not constitute probable cause, but not that the hearing failed to adduce all the facts. "[T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (citation omitted). Petitioner claims that the fact that he raised a Fourth Amendment issue on appeal preserves his right to present other Fourth Amendment arguments in federal court. However, petitioner provides no support for such a contention, and the language of *Anderson* implies the contrary. Petitioner never fairly presented to the Illinois courts the issue of whether the evidentiary hearing was conducted properly. Consequently, for purposes of this petition, the court finds that petitioner received a full and fair opportunity to litigate his Fourth Amendment claim before the trial court.

Petitioner also had a full and fair opportunity to litigate the issue before the Illinois appellate court. The appellate court, in a carefully reasoned opinion, found that there was probable cause to arrest Lee. *See Lee,* 104 Ill.Dec. at 141–42, 502 N.E.2d at 404–05. Petitioner essentially argues that he received no full and fair opportunity to litigate the probable cause issue before the appellate court because the appellate court's resolution of the issue was substantively incorrect. Petitioner misses the point of the Supreme Court rulings of *Cardwell* and *Stone.* It is not for this

court to evaluate the accuracy of the appellate court's opinion, but rather to ascertain whether it fully considered the issue. It is clear that the appellate court did just that. Thus, petitioner received two full and fair opportunities to litigate his Fourth Amendment claim.

Petitioner's fifth and final claim is that the trial court improperly admitted evidence of the shooting of Larson at the *Hawbecker* trial, and thus violated Lee's right to a fair trial and due process of law. The evidence of the Larson shooting is relevant for the reasons stated in the opinion of the Illinois appellate court. *See* 104 Ill.Dec. at 142–44, 502 N.E.2d at 405–07. The evidence is therefore admissible under Illinois law. *Id.* at 143, 502 N.E.2d at 406.

■ The inquiry does not end there. The court must determine whether the admission of this evidence of other crimes violated Lee's right to a fundamentally fair trial. The standard was stated by the Seventh Circuit in *United States ex rel. Bibbs v. Twomey,* 506 F.2d 1220, 1223 (7th Cir. 1974), *cert. denied,* 429 U.S. 1102, 97 S.Ct. 1126, 51 L.Ed.2d 551 (1977). On habeas review, this court must weigh the probative value of the evidence against its prejudicial value, and determine whether the state court, in the exercise of its discretion, could have found that the prejudicial value of the evidence did not greatly outweigh its probative value. *Id.* The court holds that the state court could have found this to be the case. The probative value of the evidence in question was great. It impeached Lee's primary defense, his alibi, and tended to show that Lee was near the place of the Hawbecker shooting on the night of the shooting. The prejudicial value was also significant, but the court finds that the state court could have found that the prejudicial impact did not greatly outweigh the probative value.[3]

---

**3.** *Twomey* could be read as establishing that the federal court on habeas review should determine whether the probative value greatly outweighs the prejudicial value, rather than whether the state court could have in its discretion found the probative value to outweigh the prejudicial value. The court finds the latter to be the better interpretation, but would arrive at the same conclusion if faced with the former standard.

In sum, Lee's petition for writ of habeas corpus is denied.

IT IS SO ORDERED.