989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip E. JONES, Petitioner-Appellant,
v.
Tekla MILLER, Respondent-Appellee.
 Nos. 92-2151, 92-2153.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1993.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Phillip E. Jones, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Jones in November 1980 of first degree murder and possession of a firearm during the commission of a felony; the court sentenced him to consecutive terms of life and two years imprisonment. Jones filed a direct appeal in which he raised the same arguments that he later presented in his habeas petition. The Court of Criminal Appeals affirmed Jones's conviction, and the Michigan Supreme Court denied review. Jones also moved for a new trial on the grounds of newly discovered evidence. The trial court denied the motion for a new trial, and both the Michigan Court of Appeals and the Michigan Supreme Court denied Jones's application for leave to appeal.
 
 
 3
 Thereafter, Jones filed his petition for a writ of habeas corpus, arguing that: (1) the trial court denied him due process of law when it refused to grant him a new trial on the basis of newly discovered evidence; (2) he received ineffective assistance of trial and appellate counsel; (3) the prosecutor exhibited prejudicial misconduct; and (4) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. The district court dismissed the petition as without merit. Jones now moves for the appointment of counsel.
 
 
 4
 In support of the aforementioned claims, Jones emphasizes in his principal and reply briefs filed on appeal that his arrest was a sham and a fraud, accomplished in an effort to find incriminating evidence against him for a crime other than the one for which he was arrested; that all evidence admitted at his trial, particularly the testimony concerning his pretrial line-up and the testimony of a police officer, should have been suppressed; and that for multiple reasons the jury's view of the crime scene constituted prejudicial error, which was not cured by any instruction to the jury.
 
 
 5
 Upon review of the claims and arguments submitted in support thereof, we affirm the district court's judgment because Jones has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Jones's due process rights were not violated when the trial court denied his motion for a new trial based on newly discovered evidence. Jones offered a statement of a single person, who claims that a third person, now deceased, had orally admitted to killing the victim. Such a claim under the circumstances of this case is simply not credible, and is easily distinguished from the circumstances presented in Chambers v. Mississippi, 410 U.S. 284 (1973). The district court was under no obligation to grant a hearing upon such an incredible allegation of newly discovered evidence. See Townsend v. Sain, 372 U.S. 293, 317 (1963); McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 7
 Jones was also not denied effective assistance by either his trial or appellate counsel, with respect to any of the claims and grounds asserted in his petition. Jones has not established that counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render his trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Jones further failed to establish that the prosecutor exhibited any misconduct that was so outrageous as to deny petitioner a fundamentally fair trial. See Martin v. Foltz, 773 F.2d 711, 716 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 9
 Finally, Jones's Fourth Amendment issue is not reviewable in this case because Jones had a full and fair opportunity to litigate that claim in the state courts. See Cardwell v. Taylor, 461 U.S. 571, 572 (1983); Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982).
 
 
 10
 Accordingly, we deny Jones's motion for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.