**James M. ALLEN, Jr., Petitioner,**

v.

**Robert D. HANNIGAN, et al., Respondents.**

**No. 96–3364–DES.**

United States District Court, D. Kansas.

March 29, 2000.

Brock is completely unsupported by the ac-   companying affidavits.

James M. Allen, Jr., Hutchinson Correctional Facility, Hutchinson, KS, Pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for respondents.

---

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by a prisoner in the custody of the State of Kansas.

Petitioner was convicted by a jury in 1994 on charges of possession of cocaine, possession of drug paraphernalia, failure to pay the Kansas drug stamp tax, and driving as a habitual violator. The Kansas Court of Appeals affirmed the convictions. The Kansas Supreme Court denied review of that decision.

Here, petitioner seeks habeas corpus relief on the three claims. First, he claims no probable cause existed for his arrest.

Second, he claims insufficient evidence supported his convictions on the drug charges. Third, he claims the Kansas Drug Tax Act, K.S.A. 79–5201 *et seq.*, is unconstitutional. Respondents have filed an Answer and Return, and admit that petitioner has exhausted available state court remedies on these three claims.

### I. FACTUAL BACKGROUND

Topeka police officers began pursuit of petitioner for driving with excessive car stereo noise, in violation of the city's noise ordinance. The officers also recognized petitioner as illegally driving after having been declared a habitual violator. Petitioner eluded the officers, drove to a work area in an auto body shop, and ran into the bathroom. Police officers secured petitioner upon his emergence less than a minute later, with no physical evidence that petitioner had used the toilet facilities. A search of the bathroom yielded crack cocaine inside a black plastic container, placed inside an unopened storage roll of toilet paper on a bathroom shelf.

At trial, petitioner maintained he was not eluding the police. Instead, he testified he went to the body shop to have springs in the back of his car installed, and used the bathroom at the body shop because the bathroom at a closer convenience store was inoperable and without a stool.

### II. STANDARD OF REVIEW

Because petitioner filed his petition after April 24, 1996, he is entitled to federal habeas corpus relief on claims adjudicated on the merits by the state courts only if he establishes the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or...was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). These standards, imposed by the Antiterrorism and Effective Death Penalty Act

(AEDPA) increase the degree of deference afforded to state court adjudications. *See Boyd v. Ward*, 179 F.3d 904, 912 (10th Cir.1999)(*citing Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir.1997)).

## III. DISCUSSION

### A. *Probable Cause for Arrest*

Petitioner alleges the police officers lacked probable cause for his arrest, and maintains the discovery of the drug evidence in the bathroom should have been suppressed as the fruit of an illegal search. The trial court conducted an evidentiary hearing on petitioner's motion to quash the arrest and suppress the evidence, and ruled against the motion. The Kansas appellate court affirmed that decision.

■ "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *See Cardwell v. Taylor*, 461 U.S. 571, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983)(*Stone* applied in case where petitioner sought to exclude statements made pursuant to allegedly unlawful arrest).

Because the record clearly reveals petitioner was afforded full and fair litigation of his claim in the state trial and appellate courts, no relief under § 2254 is available. *See Miranda v. Cooper*, 967 F.2d 392, 401 (1992)(review of Fourth Amendment claim barred when petitioner had opportunity to litigate claim in state court).

### B. *Evidence Supporting Drug Convictions*

■ A claim that a prisoner's conviction rests on insufficient evidence is cognizable on federal habeas corpus review as an alleged violation of due process. Habeas corpus relief is available only if the prisoner can show no rational trier of fact, viewing the evidence in the light most favorable to the prosecution, "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Both direct and circumstantial evidence is examined. *Id.*

■ In this case, no physical or direct evidence linked the container of drugs to petitioner. No fingerprints were lifted from the container or drug packages, and no one observed petitioner placing the container in the roll.

However, the record reflects strong circumstantial evidence of petitioner's possession of the container of drugs. Petitioner raced through the body shop to a restroom normally not used by the public, and emerged quickly without using the toilet. A body shop employee testified that crack cocaine was not used at the business. The police inventory of petitioner's car revealed no springs in the back of the car. Additionally, rebuttal testimony of a convenience store clerk established that repair of the convenience store's bathroom and removal of the stool therein began months after petitioner's arrest.

On this record, the court finds the evidence supporting petitioner's convictions for possession of drugs and drug paraphernalia was clearly sufficient to satisfy the constitutional standard set forth in *Jackson*.

### C. *Kansas Drug Tax Stamp Act*

■ Petitioner claims the application of the Kansas Drug Tax Act placed him in jeopardy twice for the crime of possession of marijuana. The Kansas Supreme Court has specifically rejected this claim. *See State v. Jensen*, 259 Kan. 781, 915 P.2d 109 (distinguishing Kansas drug tax from unconstitutional drug tax found in *Dep't of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 785, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)), *cert. denied* (519 U.S. 948, 117 S.Ct. 358, 136 L.Ed.2d 250 (1996)).

Recent examination of the Kansas drug tax against *Kurth Ranch* standards has led this court to conclude that the Kansas Supreme Court's decision was neither contrary to, nor involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), and was entitled to substantial deference. *See Jensen v. Bouker*, 96 F.Supp.2d 1167 (D.Kan.2000).

## CONCLUSION

For the reasons stated herein, the court concludes petitioner is not entitled to a writ of habeas corpus under 28 U.S.C. § 2254 on any of the three claims presented in the petition.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.