**Harold WALKER, Petitioner,**

v.

**Hans WALKER, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 00 CV 5916 NG.**

United States District Court, E.D. New York.

April 28, 2003.

Harold Walker, Attica, NY, Pro se.

Ann Bordley, Assistant District Attorney, Brooklyn, NY, for Respondent.

## ORDER

GERSHON, District Judge.

The petitioner, Harold Walker, files this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his April 12, 1994 conviction in New York State Supreme Court, Kings County, of two counts of Robbery in the Second Degree (N.Y. Penal Law §§ 160.10(1), 160.10(2)(b)), and one count of Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30(5)). On May 4, 1994, petitioner was sentenced, as a persistent violent felony offender, receiving concurrent terms of twenty-five years to life for the robbery counts and two to four years for the grand larceny count.

Before his trial commenced the petitioner filed motions to suppress the out-of-court identification and certain physical evidence. The trial court held an evidentiary hearing and. on March 1, 1994, denied the motions. The petitioner's initial jury trial

began February 3, 1994. A mistrial was declared the following day. The retrial commenced April 4, 1994, and the petitioner was convicted on April 12, 1994.

The petitioner appealed to the Appellate Division, Second Department, claiming a Fourth Amendment violation and that the aggregate sentence imposed upon conviction was disproportionately harsh. On February 10, 1997, the Appellate Division unanimously affirmed the petitioner's conviction. *People v. Walker,* 236 A.D.2d 491, 654 N.Y.S.2d 588 (2d Dep't 1997). The court found that the information provided by the civilian informant, coupled with the petitioner's temporal and spacial proximity to the robbery and his subsequent flight, amounted to a sufficient reasonable suspicion justifying the officers' pursuit. The court also held that the sentence imposed upon the petitioner was not excessive.

By letter application dated February 18, 1997, the petitioner applied to the New York Court of Appeals for leave to appeal. On March 25, 1997, Judge George Bundy Smith denied leave. *People v. Walker,* 680 N.E.2d 629 (1997).

On June 15, 1998, the petitioner filed a petition for a writ of habeas corpus in this court, raising the two claims he asserted in the .Appellate Division. Pursuant to the petitioner's request, on September 22, 1999, this court dismissed the petition with leave to renew upon exhaustion of all available state remedies.

On November 5, 1999, the petitioner brought a *pro se* motion in New York State Supreme Court, Kings County, pursuant to New York's Criminal Procedure Law ("CPL") § 440.10, seeking to vacate the judgment of conviction. The petitioner argued that he was denied effective assistance of trial counsel because of his trial attorney's failure to move to dismiss the indictment based on violations of the peti-

tioner's state statutory and Sixth Amendment rights to a speedy trial; at the same time he claimed, independently, violations of his statutory and Sixth Amendment rights to a speedy trial. The petitioner's motion was denied on March 17, 2000, and leave to appeal to the Appellate Division, Second Department, was denied on July 7, 2000.

By order dated November 14, 2000, this court treated the petitioner's original application as amended, to include the additional issues concerning the assistance of counsel and speedy trial, which had been raised in the Section 440.10 motion.

## Standard of Review

28 U.S.C. § 2254(b)(1) provides that "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." In addition, Subsection (b)(2) of Section 2254 allows a court to deny "[a]n application ... on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

The applicable standard of review, found in Section 2254(d)(1), requires that deference be given to state court decisions adjudicated on the merits:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreason-

able application of, clearly established Federal law, as determined by the Supreme Court of the United States ...

Thus, this court may grant the petitioner's application only upon a finding that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law ...." *Id*; *Davis v. Kelly*, 316 F.3d 125, 127 (2d Cir. 2003); *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001). In addition, the "determination of a factual issue made by a State court shall be presumed to be correct," and the burden is on an applicant to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Fourth Amendment Claim [1]

The petitioner claims a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. The petitioner asserts that a tip from a passing motorist indicating to the police that a robbery had occurred, but without further descriptive information, was by itself insufficient to constitute a reasonable suspicion. The petitioner further contends that, because the arresting officers did not have a reasonable suspicion to justify their initial pursuit, both the weapon that was subsequently recovered and the out-of-court identification by the victim should be suppressed.

As a general rule, claims asserting a violation of the Fourth Amendment, applicable to state court convictions through the Fourteenth Amendment, are not cognizable in federal habeas corpus proceedings, unless the State has denied a petitioner the "opportunity for a full and fair consideration ..." of his claim. *Stone v.*

---

1. The respondent contends that the petitioner did not properly present his Fourth Amendment and sentencing claims to the New York Court of Appeals and, as a result, is procedurally barred from raising them here. It is unnecessary to address this argument because, as will be seen, neither claim is cognizable in this court.

*Powell,* 428 U.S. 465, 489, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *see Grey v. Hoke,* 933 F.2d 117, 121 (2d Cir.1991); *Jackson v. Scully,* 781 F.2d 291 (2d Cir.1986). This bar encompasses those claims made under *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). *See Cardwell v. Taylor,* 461 U.S. 571, 573, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983).

The Court of Appeals for the Second Circuit has set forth two circumstances under which a federal judge may review Fourth Amendment claims in a habeas corpus petition: where "the state provides no corrective procedures at all to redress Fourth Amendment violations [or] . . . where the state provides the process but . . . the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process." *Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir. 1977). So long as the State's procedures provide a petitioner with the *"opportunity for full and fair litigation"* and there is no "unconscionable breakdown" in that procedure, the federal courts will not intervene. *Capellan v. Riley,* 975 F.2d 67, 70 (2d Cir.1992) (emphasis in the original).

■ Federal courts have approved New York's procedures for litigating Fourth Amendment claims, embodied in N.Y.Crim.Proc.Law §§ 710.10 *et seq.* (McKinney 1995), as being facially adequate. *See Capellan,* 975 F.2d at 70 n. 1. Thus, review of this petitioner's Fourth Amendment claim is barred in the absence of a demonstration that he has been precluded from utilizing these procedures by means of an "unconscionable breakdown."

■ In the present case, the petitioner has fully availed himself of the procedures embodied in Sections 710.10 *et seq.,* and in the process of doing so has been afforded an opportunity for the full and fair consideration of all Fourth Amendment violations claimed in his federal petition. The

trial court conducted a suppression hearing addressing the admissibility of certain evidence. The court concluded that no Fourth Amendment violation had occurred and that the evidence was admissible at trial. On appeal, the Appellate Division unanimously affirmed the petitioner's conviction, finding that "information provided to the arresting officers by civilian informants . . . combined with the defendant's temporal and spacial proximity to the robbery and . . . flight . . . gave the officers reasonable suspicion to justify their pursuit . . . ." *Walker,* 236 A.D.2d at 491, 654 N.Y.S.2d 588.

Thus, because the petitioner has had a full and fair opportunity to raise his Fourth Amendment claims within the state courts, and because there was no "unconscionable breakdown" in the procedures provided, this court is precluded from reviewing those claims here.

### Sentencing Claim

The petitioner makes two interrelated claims related to sentencing. First, the petitioner claims that the trial court violated his rights under the Due Process Clause of the Fourteenth Amendment by imposing a sentence that was greater than the one initially offered during the pretrial plea negotiations. The petitioner contends that the sentence was imposed for an impermissibly vindictive reason; he asserts that the court sought to punish him for choosing to exercise his right to proceed to trial and for testifying on his own behalf. Second, the petitioner argues that the sentence imposed was unduly harsh, again citing the deviation between the sentence initially offered and the sentence ultimately imposed.

■ The imposition of a penalty upon an individual for choosing to exercise a constitutionally protected right is, of course, improper. *See Bordenkircher v.*

*Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *see also United States v. Hutchings,* 757 F.2d 11, 14 (2d Cir. 1985). However, the mere fact that the sentence imposed following trial is greater than the offer made during plea negotiations, does not indicate that a petitioner has been punished for exercising his right to proceed to trial. *See United States v. Araujo,* 539 F.2d 287, 292 (2d Cir.1976).

■ The petitioner contends that the initial offer—eight years to life to be served concurrently with an unrelated sentence for which he was already incarcerated—should have been honored by the sentencing judge and that, because it was not, he was effectively being punished for asserting his right to trial. The petitioner has not set forth any basis to substantiate his argument that the sentence was imposed for an impermissibly vindictive reason, other than that it was harsher that the sentence offered before trial. As set forth above, this is insufficient.

■ The petitioner's second contention, that the sentence imposed, which was within applicable state statutory law, was unduly harsh, presents no cognizable issue of federal constitutional law and therefore cannot be reviewed by this court. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir. 1992).

### Ineffective Assistance of Counsel and Speedy Trial Claims

■ . "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respondent argues that, based on the petitioner's failure to specifically mention ineffectiveness of counsel, in his application for leave to appeal the denial of his Section 440.10 mo-

tion, the claim was not properly raised before the Appellate Division. Further, the respondent contends that the petitioner may still have an available state remedy, in that, under the provisions of CPL § 440.10(3)(c), it is within the discretion of a state court to entertain a Second 440.10 motion to vacate. On the basis of these contentions, the respondent urges that this court find the petitioner's claims unexhausted.

■ It is true that the petitioner did not explicitly refer to the ineffectiveness of counsel in any of the point headings contained in his application for leave to appeal the Section 440.10 motion. However, reading the petitioner's argument brings to mind "a pattern of facts that is well within the mainstream of constitutional litigation" concerning the Sixth Amendment right to effective counsel, and it therefore is sufficient to alert a court to the constitutional nature of the claim. *See Daye v. Attorney General,* 696 F.2d 186, 194 (1982) (en banc). The petitioner made specific references to the Sixth Amendment guarantee of effective counsel and to the fact that his trial counsel failed to bring a motion to dismiss the indictment based on speedy trial violations. Finally, as the respondent notes, "state prisoners must give the state courts *one* full opportunity to resolve any constitutional issues ...." *O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728 (emphasis added). This very contention refutes the argument that, in order to properly exhaust available state remedies, the petitioner should be required to submit, to the state courts, a second motion to vacate.

Turning to the merits, the petitioner challenges his trial counsel's failure to move to dismiss the indictment based on violations of his state statutory and Sixth Amendment rights to a speedy trial. He

also independently asserts a violation of his statutory and Sixth Amendment rights to a speedy trial. The petitioner cites the delay, in excess of a year and a half, from the time of his initial arrest until the time he was actually brought to trial, during which period he was incarcerated.

 The State court addressed both the state law issue and the federal constitutional right to a speedy trial and concluded that the petitioner failed to show that, had counsel made a motion to dismiss based on an alleged violation of his state or federal rights, the motion would have been successful. The court correctly stated the federal constitutional law governing the ineffectiveness of counsel, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and the right to a speedy trial, citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The court went on to address the facts supporting its conclusion. The State court's factual findings and legal conclusions are entitled to deference, and the petitioner has made no showing why this court should reject the decision of the State court. Thus, the ineffectiveness of counsel and speedy trial claims are rejected.

### Conclusion

For the above-stated reasons, the petition for a writ of habeas corpus is denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

So Ordered.